UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
IN ADMIRALTY

| | | |
|---|---|---|
| GEICO MARINE INSURANCE COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case. No. _____ |
| OCS HOLDINGS INC. | ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF GEICO MARINE INSURANCE COMPANY'S
COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW the Plaintiff, GEICO MARINE INSURANCE COMPANY, by and through its undersigned counsel, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maryland, and for its Complaint for Declaratory Judgment would respectfully state as follows:

**PARTIES, JURISDICTION, and VENUE**

1.     This is an action for declaratory relief pursuant to Title 28 of the United States Code, sec. 2201, et seq., in that a present controversy exists between the parties hereto in which the Plaintiff asks this Court to adjudicate and determine the rights of the parties to a contract of marine insurance which is in dispute.

2.     Venue lies within the District of Maryland as this cause arises out of a policy of marine insurance which contains a valid and enforceable forum selection clause stating that any suit arising from the policy of marine insurance "shall be subject to the exclusive jurisdiction of the United States District Court for the Eastern District of Virginia or The United States District Court for the District of Maryland."

1

3.   This is an admiralty and maritime cause within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and this Court has subject-matter jurisdiction pursuant to Title 28 of the United States Code, sec. 1333.

4.   Plaintiff GEICO MARINE INSURANCE COMPANY (hereinafter "GEICO" or "Plaintiff") is a corporation organized and existing under the laws of the State of Maryland with its principal place of business in the State of Maryland.

5.   Defendant OCS HOLDINGS INC. (hereinafter "OCS" or "Defendant") is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Florida.

### FACTUAL ALLEGATIONS

6.   On or about February 24, 2018 GEICO issued to OCS a policy of marine insurance, Policy No. CBT1014957 (hereinafter "the Policy"), affording four hundred thousand dollars ($400,000.00) in first party property damage coverage for the 2002 Aicon 56 (hereinafter "the Vessel") identified on the Policy's declarations page.

7.   A true and correct copy of the Policy as Exhibit 1.

8.   On or about April 14, 2018, the Vessel suffered damage from a grounding in South Florida.

9.   Following the report of the loss by OCS, GEICO caused a full investigation to be made into the facts and circumstances surrounding the said grounding.

10.   Between April 2018 and March 2019, GEICO paid approximately one hundred thirteen thousand dollars (approx. $113,000.00) in satisfaction of all first-party and third-party claims arising out of the grounding, which included (1) a salvage claim by Offshore Marine Towing, Inc., (2) a vessel storage claim by Cable Marine, and (3) a claim by OCS for the physical damage to the Vessel.

11.     On June 14, 2022, OCS filed a Civil Remedy Notice with the Florida Department of

Financial Services alleging that GEICO's delay investigating the loss, approving the

necessary repairs, and paying the claim caused additional damage to the Vessel.

12.     The Policy states, in relevant part:

> **Definitions**
> …
>
> **"Occurrence"** is defined as a sudden or unexpected event or
> accident occurring within the policy period to which this insurance
> applies…

13.     The Policy states, in relevant part:

> **Coverage A – Hull and Equipment**
> …
>
> **Types of Losses Covered**
> **We** will pay for **Property Damage** to the **Insured Boat**… from a
> covered **Occurrence**[.]

14.     The Policy states, in relevant part:

> **In the Event of a Loss**
>
> **Actions to Take**
> Immediately upon a loss **you** must:
>
> A. Take all necessary steps to protect the **Insured Boat** and its
>    **Boating Equipment** from further loss.  **We** will pay the
>    reasonable costs **you** incur in preventing further damage ("Sue
>    and Labor Expenses") if the loss is covered under Coverage A
>    of this policy…
> …
>
> Following a loss **you** must:
>
> C. Assume no obligation, admit no liability and incur no expense for
>    which **you** or the Insurance Company may be liable without **our**
>    written permission, other than reasonable expenses incurred to
>    protect the **Insured Boat** from further damage.

15.     The Policy states, in relevant part:

**General Conditions**

…

**Legal Action Against Us**

No legal action may be brought against **us** unless there has been full compliance with all terms of this policy.  With respect to any claim or loss related to **Property Damage**, the action must begin within one year of the date of loss or damage.
…

Any dispute arising hereunder or in connection with this policy or related to any matter which is subject to this policy shall be subject to the exclusive jurisdiction of the United States District Court for the Eastern District of Virginia or The United Stated [sic] District Court for the District of Maryland.

**Controlling Law**

This policy is to be governed by and construed under the maritime law of the United States.

16.    Notwithstanding the facts stated above, as well as the terms of the Policy recited above, the Defendant has made a claim against the Plaintiff under the terms of the Policy demanding payment for damage to the Vessel caused by its own neglect and for attorney's fees.

## FIRST CAUSE OF ACTION
### (Failure to Act as a "Prudent Uninsured")

17.    Plaintiff repeats, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth fully herein.

18.    The Policy states, in relevant part:

**In the Event of a Loss**

**Actions to Take**
Immediately upon a loss **you** must:

B.  Take all necessary steps to protect the **Insured Boat** and its **Boating Equipment** from further loss.  **We** will pay the

4

reasonable costs **you** incur in preventing further damage ("Sue and Labor Expenses") if the loss is covered under Coverage A of this policy…

…

Following a loss **you** must:

C. Assume no obligation, admit no liability and incur no expense for which **you** or the Insurance Company may be liable without **our** written permission, other than reasonable expenses incurred to protect the **Insured Boat** from further damage.

19.     The Policy states, in relevant part:

### General Conditions

…

### Legal Action Against Us

No legal action may be brought against **us** unless there has been full compliance with all terms of this policy.  With respect to any claim or loss related to **Property Damage**, the action must begin within one year of the date of loss or damage.
…

Any dispute arising hereunder or in connection with this policy or related to any matter which is subject to this policy shall be subject to the exclusive jurisdiction of the United States District Court for the Eastern District of Virginia or The United Stated [sic] District Court for the District of Maryland.

### Controlling Law

This policy is to be governed by and construed under the maritime law of the United States.

20.     OCS breached the duty under federal admiralty law and the terms of the Policy to act as a "prudent uninsured" to mitigate the loss to the Vessel and to prevent deterioration of the Vessel following the loss.

21.     Notwithstanding OCS's failure to act as a "prudent uninsured," and notwithstanding the subsequent deterioration suffered by the Vessel as a result, OCS has presented GEICO with

a claim for coverage for the damage alleged to have been sustained by the Vessel as a result of the referenced deterioration.

22.    As a result of the aforesaid lack of coverage under the terms of the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said Policy.

23.    As a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable controversy exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

**SECOND CAUSE OF ACTION**
**(Time for Suit Provision)**

24.    Plaintiff repeats, realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs as if set forth fully herein.

25.    The Policy states, in relevant part:

> **Definitions**
> …
>
> **"Occurrence"** is defined as a sudden or unexpected event or accident occurring within the policy period to which this insurance applies…

26.    The Policy states, in relevant part:

> **Coverage A – Hull and Equipment**
> …
>
> **Types of Losses Covered**

**We** will pay for **Property Damage** to the **Insured Boat**… from a covered **Occurrence**[.]

27.    The Policy states, in relevant part:

### In the Event of a Loss

**Actions to Take**
Immediately upon a loss **you** must:

C.  Take all necessary steps to protect the **Insured Boat** and its **Boating Equipment** from further loss.  **We** will pay the reasonable costs **you** incur in preventing further damage ("Sue and Labor Expenses") if the loss is covered under Coverage A of this policy…

…

Following a loss **you** must:

C. Assume no obligation, admit no liability and incur no expense for which **you** or the Insurance Company may be liable without **our** written permission, other than reasonable expenses incurred to protect the **Insured Boat** from further damage.

28.    The Policy states, in relevant part:

### General Conditions

…

**Legal Action Against Us**

No legal action may be brought against **us** unless there has been full compliance with all terms of this policy.  With respect to any claim or loss related to **Property Damage**, the action must begin within one year of the date of loss or damage.
…

Any dispute arising hereunder or in connection with this policy or related to any matter which is subject to this policy shall be subject to the exclusive jurisdiction of the United States District Court for the Eastern District of Virginia or The United Stated [sic] District Court for the District of Maryland.

**Controlling Law**

> This policy is to be governed by and construed under the maritime
> law of the United States.

29.    The loss or damage for which OCS's claim is being made occurred on April 14, 2018.

30.    OCS's present claims for coverage were asserted more than one year after the loss or damage occurred.

31.    Notwithstanding the failure of OCS to assert its claims within one year of the occurrence of the loss or damage, OCS has presented GEICO with a claim for coverage for the damage alleged to have been sustained by the Vessel as a result of the referenced deterioration.

32.    As a result of the aforesaid lack of coverage under the terms of the terms of the Policy, Plaintiff has sustained actual prejudice and seeks this Court's Declaratory Judgment regarding the coverage afforded under the terms of the Policy. Until such time as the Plaintiff is able to have its rights and responsibilities under the marine insurance policy construed by this Court, Plaintiff will suffer uncertainty with respect to its responsibilities and obligations under the terms of the said Policy.

33.    As a result of the lack of any coverage for the loss under the facts and circumstances described herein, a real and justiciable controversy exists with respect to the existence of valuable rights under the terms of the policy of marine insurance, and a bona fide, actual and present dispute exists calling for this Court's Declaratory Judgment.

WHEREFORE, Plaintiff respectfully requests judgment from the Court:

(A) Declaring that Policy No. CBT1014957 affords no coverage for any damage to the Vessel caused by the failure of OCS to act as a "prudent uninsured" to mitigate damages;

(B)  Declaring that any present claim by OCS under Policy No. CBT1014957 is barred by

the Policy's time for suit provision.

(C)  That the costs of this action be taxed against the Defendant; and

(D)  Any and all such other and further relief as the Court may deem proper and appropriate

under the premises.

Dated: August 11, 2022                        Respectfully submitted,

FUTROVSKY, FORSTER & SCHERR, CHARTERED

/s/ Todd P. Forster
Todd P. Forster – Bar No. 13182
1101 Wootton Parkway, Suite 550
Rockville, Maryland 20852
301-251-8500
tforster@futrovsky.com
*Counsel for Plaintiff*

Michael I. Goldman (MA Bar No. 677362)
Goldman & Hellman
233 Harvard St., Suite 211
Brookline, MA  02446
617-671-8657
michael@goldmanandhellman.com
*Counsel for Plaintiff*
*\*Motion for Admission Pro Hac Vice to be Filed*