**UNITED STATES DISTRICT COURT FOR THE DISRTRICT OF MARYLAND**

GEICO MARINE INSURANCE CO.,        *

    Plaintiff/Counter-Defendant        *

vs.                                                        *        Civil Action No. 8:22-cv-02009-AAQ

OCS HOLDINGS, INC.                        *

    Defendant/Counter-Plaintiff        *

## AMENDED COUNTERCLAIM

Comes now the Defendant/Counter-Plaintiff, OCS Holdings, Inc., by and through its attorney, Richard E. Schimel of the Law Offices of Richard E Schimel, LLC, and for its Counterclaim against GEICO Marine Insurance Company states as follows:

### Jurisdiction and Venue

1.      GEICO MARINE INSURANCE COMPANY, ("GEICO") has filed a Complaint for Declaratory Judgment to have this Court interpret its insurance contract with Defendant OCS Holdings, Inc. ("OCS") for the purpose of denying first-party coverage for a casualty loss.

2.      OCS is filing this Counterclaim for breach of contract and bad faith against GEICO for the denial of its casualty insurance claim.

3.      Supplemental jurisdiction of this Counterclaim lies with this Court pursuant to 28 U.S.C. §1367(a), because the Counterclaim is so related to the claim in the Complaint that it forms a part of the same case or controversy under Article III of the United States Constitution.

4.      Venue lies within the District of Maryland based upon a provision of the subject policy of marine insurance which states that any suit arising therefrom "shall be subject to the exclusive jurisdiction of the United States District Court for the Eastern District of Virginia or the United States District Court for the District of Maryland."

1

### General Allegations

5.      At all times material to this action, Counter-Plaintiff OCS Holdings, Ltd., was a corporation whose principal was and is a citizen of Miami-Dade County, Florida.

6.      At all times material to this action, Counter-Defendant GEICO was an insurance company authorized to conduct business and conducting business in Miami-Dade County, Florida and in Broward County, Florida.

7.      At all times material to this action, Counter-Plaintiff was the owner of a 2002 Aicon Cruiser, SERT74614302, (referred to herein as the "Vessel").

8.      At all times material to this action, the Vessel was insured under a policy of marine insurance, issued by Counter-Defendant, GEICO, and bearing policy number CBT1014957, which was in full force and effect (the "Policy").

9.      On or about April 14, 2018, the Vessel sustained damage while being operated in the water in Fort Lauderdale, Florida.

10.     The loss was timely reported to GEICO, which assigned Claim Number 18CGT00057, with a date of loss of April 14, 2018.

11.     Subsequently, the Vessel sustained additional damage while in the care, custody, and control of GEICO and/or its agents, including but not limited to CABLE MARINE, INC.

12.     Upon being notified of this additional damage, GEICO assigned a second Claim Number (18CBT00281), with a date of loss of September 14, 2018.

## Count I _ Breach of Contract

13.     The Counter-Plaintiff hereby adopts and incorporates by reference all of the General Allegations set forth above as if fully set forth herein.

14.     All conditions precedent to the filing of this lawsuit have occurred, been performed, or waived and/or have been excused.

15.     The subject Policy afforded coverage for the Vessel including hull, machinery, outboard engines, sails, spars and furniture, along with certain other benefits.

16.     GEICO attempted to make a partial payment by check to the Counter-Plaintiff, which payment did not fully compensate for all of the damages sustained as a result of the subject loss and which check the Counter-Plaintiff was never able to cash.

17.     Despite repeated demands, GEICO has refused to provide the Counter-Plaintiff with all of the benefits owed under the subject Policy.

18.     By failing to provide Counter-Plaintiff with all of the benefits owed under the subject policy, GEICO has breached the terms of its policy.

19.     As a direct and proximate result of GEICO's refusal to honor its contractual obligations under the terms of the subject insurance Policy, the Counter-Plaintiff has been damaged in the amount to be determined at trial.

20.     As a direct and proximate result of GEICO's refusal to honor its contractual obligations under the terms of the subject insurance policy, the Counter-Plaintiff has been required to retain the services of the undersigned attorney to represent it and protect its interests and the Counter-Plaintiff has become obligated to pay said attorney a reasonable fee for services in bringing this action.

WHEREFORE, Counter-Plaintiff OCS HOLDINGS, INC., demands judgment against Defendant, GEICO MARINE INSURANCE COMPANY, for damages, including but not limited to property damages, loss of use damages, costs and interest allowed by law, attorney's fees pursuant to § 627.428 and/or F.S. Section 626.9373 Florida Statutes, and such other relief as the Court deems just and appropriate.

## Count II – Bad Faith

21.     The Counter-Plaintiff hereby adopts and incorporates by reference all of the General Allegations and Count I set forth above as if fully set forth herein.

22.     This action is brought against GEICO, pursuant to §624.155, Florida Statutes for breach of its duty of good faith to Plaintiff and for unfair claims practices.

23.     Upon issuance of the subject policy, GEICO became obligated to comply with the statutory duties in the Civil Remedy Statute, §624.155, Florida Statutes.

24.     Plaintiff gave notice of a covered loss to GEICO and made a claim for damage to his insured Vessel.

25.     GEICO delayed the payment of this claim, and/or underpaid the claim, and/or refused to negotiate the damages, and/or sought a way to not pay the claim and/or failed to communicate with the Counter-Plaintiff, and/or failed to select an appropriate shipyard to repair the Vessel, and/or failed to protect the Vessel from further damage after having the Vessel towed to a shipyard of its own selection.

26.     Prior to bringing this action, Counter-Plaintiff filed a Notice of Insurer Violation with the Florida Department of Insurance with respect to GEICO's actions, pursuant to §624.155, Florida Statutes.

27.     Despite being afforded an opportunity to cure its alleged violations of numerous Florida statutes, GEICO failed and refused to cure said violations and failed to pay the damages to which Counter-Plaintiff was entitled within 60 days of the Civil Remedy Notice.

28.     GEICO engaged in the business of insurance and is subject to Florida statutes, Florida regulations and Florida law while engaged in the business of insurance.

29.     Rather than carrying out its contractual, statutory, regulatory, and ethical duties, GEICO committed acts during the adjustment of the claim which were not in "good faith" and which were in violation of §624.155(1)(b)(1), §624.155(1)(b)(3), and §626.9541(1)(i)(3) (a, b, c, e, f, g, h), Florida Statutes.  These acts include, but are not limited to the following:

a.      Delaying to adjust and pay Plaintiff's subject claim.

b.      Underestimating the value of Plaintiff's claim.

c.      Failing to properly train, supervise or otherwise manage GEICO's adjusters, representatives, and investigators to properly and in good faith, investigate and adjust claims so that a prompt and fair evaluation of the claim can be made and proper indemnity paid, resulting in the failure to timely pay a covered claim and causing Plaintiff to incur additional damages and expenses that he otherwise would not have incurred.

d.      Failing to adopt and implement standards for the proper investigation of the Plaintiff's claim, resulting in the aforementioned conduct.

e.      Misrepresenting and/or omitting pertinent facts relating to the estimate that GEICO's adjusters wrote, coverages and/or facts of the loss at issue, thereby providing an illegitimate basis for the denial/delay of the claim, including the obligations of both the insured and the insurer during the adjustment of this claim.

f.       Failing to acknowledge and act promptly upon written and oral communications with respect to the claim, causing delays in the adjustment of the claim.

g.       Delaying the payment of Plaintiff's claim and failing to conduct a reasonable investigation based upon available information.

h.       Failing to timely pay the claim.

i.       Failing to respond promptly to the Plaintiff and/or his representatives.

The above conduct demonstrates a failure to comply in good faith with the terms and conditions of the insurance policy.

30.      The aforementioned actions outlined in the above paragraphs damaged the Counter-Plaintiff and such damages include, but are not limited to:

a.       attorney's fees and costs for the breach of contract action;

b.       loss of use of the Vessel;

c.       costs and expenses incurred to repair the Vessel

c.       interest and pre-judgment interest

d.       attorney's fees and costs pursuant to §624.155

e.       additional damages set forth in claim number 18CBT00281

f.       other damages

31.      The Counter-Plaintiff has retained counsel and has agreed to pay them reasonable fees and costs which are compensable pursuant to §624.155 et seq. and §627.428, Florida Statutes.

32.      The Counter-Plaintiff reserves the right to assert a claim for punitive damages in accordance with §624.155(5) for such conduct by GEICO as would constitute a business practice.

WHEREFORE, Plaintiff, OCS HOLDINGS, LTD., demands judgment against Defendant, GEICO MARINE INSURANCE COMPANY, for damages including but not limited to property damages,

loss of use damages, costs and interest allowed by law and attorney's fees pursuant to F.S. Section

627.428 and/or F.S. Section 626.9373 and/or 624.155 et seq. and such other relief as the Court

deems just and appropriate.  Plaintiff further demands a trial by jury of all issues so triable.

### Count III – Negligent Hiring of Independent Contractor

33.     The Counter-Plaintiff hereby adopts and incorporates by reference all of the

General Allegations and Count I set forth above as if fully set forth herein.

34.     Pursuant to instructions from GEICO, the Vessel was towed to the repair yard of

Cable Marine, Inc. after the loss on or about April 14, 2018.

35.     Upon information and belief, Cable Marine, Inc. was selected by GEICO as the

repair yard entrusted to make repairs to the Vessel.

36.     At that time, OCS did not attempt to secure a repair facility on its own, but accepted

and trusted GEICO's selection of Cable Marine, Inc.

37.     At all relevant times, Cable Marine, Inc. held itself as being equipped with

appropriate facilities and competent staff to handle the storage and repairs of the Vessel.

38.     OCS relied on GEICO's actions and reasonably accepted that Cable Marine, Inc.

would properly store the Vessel and would make the necessary repairs to the Vessel.

39.     At all relevant times, GEICO had a duty to select and provide a competent and

appropriate repair facility to insureds.

40.     GEICO, by and through its agent and/or apparent agent, Cable Marine, Inc.

breached its duty of care by selecting an incompetent repair facility that failed to protect the Vessel

from further damage, including but not limited to failing to properly wrap the Vessel so as to

protect it from the elements.

41.     As a direct and proximately result of GEICO's actions, by and through its agent and/or apparent agent, Cable Marine, Inc., the Vessel sustained additional damages and deterioration while in the care, custody, and control of Cable Marine, Inc.

WHEREFORE, Counter-Plaintiff, OCS HOLDINGS LTD., demands judgment against Counter-Defendant, GEICO MARINE INSURANCE COMPANY, for damages allowed by law, including but not limited to property damages, loss of use damages, and attorney's fees pursuant to F.S. Section 627.428 and/or F.S. Section 626.9373 and/or 624.155 et seq. and such other relief as the Court deems just and appropriate.  Plaintiff further demands a trial by jury of all issues so triable.

## ELECTION OF TRIAL BY JURY

The Counter-Plaintiff requests a trial by jury as to all claims herein.

**LAW OFFICES OF RICHARD E SCHIMEL, LLC**

**/s/** *Richard E. Schimel*

_____

Richard E. Schimel      **Fed ID# 02843**
7315 Wisconsin Avenue
Suite 800 West
Bethesda, Maryland 20814-3244
(240) 395-4400
rschimel@lawofficesres.com
*Attorney for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that on this 22nd day of November, 2022, a copy of the foregoing was served electronically by Electronic Case Filing on:

Todd P. Forster, Esq.
Futrovsky, Forster & Scherr, Chtd.
1001 Wooton Parkway
Suite 550
Rockville, Maryland 20852


/s/ *Richard E. Schimel*
_____
        Richard E. Schimel